CARMELO VILLANUEVA, Plaintiff and Appellant, *v.* MUNICIPAL ASSEMBLY OF UTUADO, Defendant and Appellee.

No. 4124. Argued March 10, 1927.—Decided May 12, 1927.

*G. Zeno Sama* for the appellant. *Francisco M. Cadilla* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal in a certiorari case from a decision of the District Court of Arecibo.

On the 12th of April, 1926, the Municipal Assembly of Utuado approved an ordinance authorizing the leasing of a house belonging to the municipality by open bids. The lowest rent was set at $240 for the term of a year beginning July 1, 1926. The bids were opened on May 28, 1926, and only two persons bid, offering $20 and $27 monhtly respectively, the last bid being that of the appellant, who having submitted the highest and most advantageous bid got the award from the board. On June 3, 1926, the municipal assembly disapproved the award in favor of the appellant and decided that instead of leasing the house it should be sold publicly. This resolution was not perfected by means of an ordinance, and the municipal assembly on July 1, 1926, in view of a communication from the appellant asking to be put in possession of the house under the lease publicly awarded him by the board, finally voted a resolution, which was approved by the mayor on July 10, 1926, disapproving the award, and passed at the same time another ordinance authorizing again the leasing by public bids of the aforesaid property, on the same terms as had been offered in the previous ordinance, although the lease was only for the remainder of the fiscal year which expired on July 30, 1926. The ordinance provided that it would go into effect immediately, being of an urgent nature, having been passed by the unanimous vote of the members of the assembly and having been approved by the mayor on the same date.

The appellant, feeling himself prejudiced by such proceedings, moved the lower court to review the proceedings and specifically prayed to have the resolution of the assem-

bly of July 1, 1926, voided, and that pending a decision in the matter the municipal assembly be estopped from enforcing the ordinance ordering the holding of new bids.

The appellee alleged, among other things in support of its contention to have the writ vacated, in the lower court and strongly insists thereon in its brief, that the right, if any, of the appellant had prescribed under the provisions of the last subdivision of section 63 of the Municipal Law as amended by Act No. 92 of August 22, 1925, because the resolution complained of by the appellant and approved on July 10, 1926, went into effect on the 20th of the same month, and the thirty days allowed by the law to the appellant to avail himself of the certiorari were to be counted from the last date and expired on the 19th of August, 1926, and the appellant brought his action on September 1, 1926, or long after the expiration of the term granted by law in similar cases.

Section 63 of the Municipal Law in its pertinent part reads:

"That on motion of the aggrieved party, the district courts shall have jurisdiction:

"(a) To annul or review by writ of *certiorari* any legislative or administrative act of the municipal assembly, mayor or other municipal official, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or to the laws of Porto Rico;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"In the first two cases, the aggrieved party may bring his suit only within the term of thirty days from and after the date on which the executive or administrative action shall have been performed or the ordinance, action, resolution or order published or communicated to the complainant; *Provided,* That when the ordinance or resolution should be published in accordance with this Act, the said term of thirty (30) days shall begin from the date of publication of said ordinance or resolution."

. The lower court deemed it better to decide the case on its merits and did not consider the defense of prescription. In

its opinion and in regard to this point the court said that the question had not been raised as to whether or not a resolution like the one under attack required notification, and on the other hand the complainant having alleged in his petition that he had not been informed of the resolution until August 16, 1926, when he was privately advised by the municipal auditor that they were going to have new bids, such allegation had not been controverted. This last point has no foundation, because as the return is the real answer in similar cases, it does not appear therefrom that the appellant had been notified in any way. The silence of the return does not render the allegation of the appellant incontrovertible in this respect; but on the contrary, the allegations of the petitioner in general must appear to have been shown by the return in order that the appeal may prosper.

The law does not require that resolutions and ordinances approved by the municipal assemblies be notified to persons who consider themselves prejudiced by their approval. The assemblies act in such cases in their legislative capacity and the ordinances and resolutions begin to take effect from the date of their approval or publication. The notification is required only in purely administrative acts, performed by the mayor and other municipal officials as executive agents, and must be notified to all interested persons. Publication is required of ordinances containing penal provisions and which do not take effect until twenty days after their publication. Sections 54 and 56 of the Municipal Law. As regards other ordinances and resolutions it is provided in section 57:

"That subject to the provisions of the two preceding sections, ordinances and resolutions shall take effect ten days after their approval, except when extraordinary cases require the immediate taking effect thereof, in which cases, if so declared in the text, they shall take effect from and after the date of their approval, if approved by the affirmative vote of a majority of the total membership of the municipal assembly."

The wording of that provision is too plain to require any construction. On July 3, 1926, the Municipal Assembly of Utuado passed a resolution disapproving the provisional award made by the board of awards in regard to the lease in favor of the appellant; on July 10, it was approved by the mayor and began to take effect ten days after, or on July 20, 1926, when, as provided by the same act, everybody is notified thereof. The case is similar to the approval of an act of the Legislature, which is binding from its enactment or the date on which it begins to take effect. Such being the case, the appellant was late in taking his appeal by filing it in the lower court on September 1, 1926, after the expiration of the 30 days allowed by section 63 of the Municipal Law, counted from the date when the resolution complained of went into effect.

We may also say that even from an examination of the merits of the case, we are in agreement with the conclusion reached by the trial court that it was within the discretion of the municipal assembly to approve the decision of the board of awards, provided there was no abuse of discretion or fraud on the part of the assembly, and neither of them appears in this case. See the case of *Rodríguez* v. *Board of Awards,* 36 P.R.R. 305.

From the foregoing the judgment appealed from must be affirmed.